IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ANDREW JAMES GASTON,** | : |
| Petitioner, | : |
| vs. | : CIVIL ACTION NO. 12-00014-KD-B |
| **GARY HETZEL,** | : |
| Respondent. | : |

REPORT AND RECOMMENDATION

Petitioner Andrew James Gaston, an Alabama inmate proceeding pro se, filed the instant action seeking habeas corpus relief under 28 U.S.C. § 2254 (Doc. 1). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. Because Petitioner has failed to prosecute and to comply with the Court's Order dated January 17, 2012 (Doc. 2), it is recommended that this action be dismissed without prejudice.

In filing his petition, Gaston did not tender the required $5.00 filing fee nor file a motion to proceed without prepayment of fees. Accordingly, in an Order dated January 17, 2012 (Doc. 2), Petitioner was directed to complete and file a form for a motion to proceed without prepayment of fees, see Local Rule 83.9(d)(1), or pay the $5.00 filing fee by February 17, 2012. Petitioner was cautioned that failure to comply with the Order within the prescribed time or to notify the court of a change in address would result in a recommendation of dismissal of this

action without prejudice for failure to prosecute and to obey the court's order (Doc. 2).

To date, Petitioner has not paid the statutory filing fee, nor filed a motion to proceed without prepayment of fees. Additionally, Petitioner has not requested additional time to comply with the Court's Order, and his copy of the Court's Order has not been returned to the Court. Due to Petitioner's failure to comply with the Court's Order dated January 17, 2012 (Doc. 2), and upon consideration of the alternatives available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.  Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, Ballard v. Volunteers of America, 493 U.S. 1084, 110 S.Ct. 1145, 107 L.Ed.2d 1049 (1990); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).  Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal

courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction; Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

    The attached sheet contains important information regarding objections to the Report and Recommendation.

    DONE this **29th** day of **February, 2012**.

                                                **/S/ SONJA F. BIVINS**
                                       **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

                                                    **/S/ SONJA F. BIVINS**
                                                  **UNITED STATES MAGISTRATE JUDGE**