```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

```
ANDREW JAMES GASTON,               :
                                   :
     Petitioner,                   :
                                   :
vs.                                :  CIVIL ACTION NO. 12-00014-KD-B
                                   :
GARY HETZEL,                       :
                                   :
     Respondent.                   :
```

## REPORT AND RECOMMENDATION

This action is before the Court on Petitioner Andrew James Gaston's letter requesting permission to proceed without payment of fees (Doc. 11). Gaston's letter, which is being construed as a Motion to Proceed In Forma Pauperis on Appeal, was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. Upon consideration, the undersigned finds that Gaston's appeal is not taken in good faith; thus, his motion should be denied.

Gaston initiated this habeas action by filing a petition on January 5, 2012. (Doc. 1). In filing his petition, Gaston did not tender the required $5.00 filing fee nor file a motion to proceed without prepayment of fees. Accordingly, in an Order dated January 17, 2012 (Doc. 2), Gaston was directed to complete and file a form for a motion to proceed without prepayment of fees, see Local Rule 83.9(d)(1), or pay the $5.00 filing fee by February 17, 2012. Gaston was cautioned that failure to comply

with the Order within the prescribed time or to notify the court of a change in address would result in a recommendation of dismissal of this action without prejudice for failure to prosecute and to obey the court's order (Doc. 2). Gaston did not comply with the February 17th deadline, nor did he request additional time in which to do so.  Accordingly, in a Report and Recommendation dated February 29, 2012 (Doc. 3), the undersigned recommended that this action be dismissed for failure to comply with the Court's Order. Gaston filed an objection to the Report and Recommendation (Doc. 4), and asserted that he had in fact filed a motion to proceed in forma pauperis, and that his mother had mailed the $5.00 statutory filing fee. In Orders dated March 22, 2012, the District Court adopted the Report and Recommendation, and entered judgment dismissing Gaston's habeas petition, without prejudice, for failure to prosecute. (Docs. 5, 6). The record does not reflect that a motion to proceed *in forma pauperis* was filed by Gaston, or that the statutory filing fee was ever received in this action.

In forma pauperis proceedings are governed by 28 U.S.C. § 1915. In forma pauperis status should be granted where the appellant is indigent unless "the trial court certifies in writing that [the appeal] is not taken in good faith." 28 U.S.C. § 1915(a)(1),(3). A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when

examined under an objective standard. See Coppedge v. United States, 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed.2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." Ghee v. Retailers Nat'l Bank, 271 Fed. Appx. 858, 860 (11th Cir. 2008)(citing Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993)). In other words, an in forma pauperis action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). When a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed. Ghee, 271 Fed. Appx. at 859(citing Cofield v. Alabama Pub. Serv. Comm'n, 936 F. 2d 512, 515 (11th Cir. 1991)).

In the case sub judice, the record is undisputed that Gaston did not comply with the Court's Order requiring him to pay the statutory filing fee, or in lieu thereof, file a motion to proceed in forma pauperis. While Gaston argued, in his Objection to the District Court, that he had complied with the Court's directive, the record clearly reflects otherwise. Because the record is devoid of anything that suggests that Gaston is seeking to raise on appeal an issue that is arguable, the undersigned finds that his appeal is not taken in good faith. Accordingly, the undersigned recommends that Gaston's

3

Motion be denied, and that the District Court certifies that his appeal is not taken in good faith.

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this **2nd** day of **July, 2012.**

                                              **/s/ SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

**1. Objection.** Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten[1] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

---

[1] The Court's Local Rules are being amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009 (Objections should be filed within 14 days).

2. **Opposing party's response to the objection**.  Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72.

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this **2nd** day of **July, 2012**.

                                           /s/ SONJA F. BIVINS
                                        **UNITED STATES MAGISTRATE JUDGE**